THORNAL, Justice.
By petition for certiorari we have for review an order of the Florida Industrial Commission reversing a workman’s compensation award.entered by the judge of industrial claims.
The sole issue involved is whether claimant is permanently, totally disabled.
Claimant sustained a compensable injury on December 3, 1963, when he fell from a scaffold and landed on his back and legs. Dr. Hall, the treating orthopedic surgeon, determined claimant had reached maximum medical improvement in June, 1966, and that claimant was able to perform light work. He further advised claimant to seek rehabilitation. Dr. Hall rated him with a 30% anatomical disability due to the industrial accident. Dr. Braverman, a psychiatrist, testified the claimant suffered no psychiatric disability and needed no psychiatric treatment. He wondered why thei claimant was not rehabilitating himself. Dr. Burtner, whose medical field is internal medicine, testified claimant suffered a 60% permanent partial disability, 35% of which was due to injuries to the back and leg and the remainder was caused by an • anxiety reaction depression. Dr. Nixon, a psychiatrist, rated the claimant with a *98 20% permanent partial disability of the body as a whole from his specialty. He felt the claimant did not need psychiatric treatment and that his depression would improve when his economic and physical condition got better. The claimant testified he was unable to continue working in his line of work as a paint sprayer and that he had been unable to hold down jobs doing light work since his accident. Claimant also stated he had not sought employment help from either the Florida State Rehabilitation Department or the Florida State Employment Bureau.
The industrial judge concluded in his order that claimant suffered a 25-30% orthopedic disability coupled with a 10% psychiatric disability that gave him an 85% loss of wage earning capacity. The judge stated he was not convinced claimant was permanently and totally disabled and ordered that within 15 days after his order becomes final the “claimant shall present himself to the Florida Industrial Commission Rehabilitation Department for the purpose of interview, counseling and determination of whether or not he can be rehabilitated, retrained or specially placed.” The judge observed he would consider the Rehabilitation Department’s recommendations for the purpose of determining whether the claimant suffered a total Or partial loss of wage earning capacity. He, therefore, reserved jurisdiction over the matter for this later evaluation.
By Order entered March 12, 1969, the Full Commission reversed the judge, finding the claimant to be totally and permanently disabled. The F.I.C. concluded:
“We believe that the judge of industrial claims has erred in failing to find that the claimant is permanently and totally disabled based upon the findings of fact in the Order of the judge of industrial claims. We believe that the record supports the claimant’s contention that he is permanently and totally disabled. The employer has failed to show that a job is available to claimant which he is capable of performing. The evidence in the record establishes that the claimant is not able to perform services other than ‘a specially-created job, one light of effort and responsibility but laden with rest and comfort’. Unora v. Glen Alden Coal Co., 377 Pa. 7, 104 A.2d 104, and Port Everglades Terminal Co. v. Canty, Fla.1960, 120 So.2d 596. The employer and carrier have failed to prove that a job is within the claimant’s reach; therefore, the claimant is entitled to a finding of permanent total disability. Richardson v. City of Tampa, Fla.1965, 175 So.2d 43”.
We must disagree with the findings of the Full Commission. The employer-carrier has the burden of showing that suitable employment is available for a claimant only after the claimant has proven by competent, substantial evidence that he is not able to acquire and uninterruptedly perform even light work in the open labor market. Port Everglades Terminal Co. v. Canty, 120 So.2d 596 (Fla.1960). The industrial judge did not feel claimant had met this burden in the case at bar because of his failure to actively seek employment and to attempt rehabilitation. The judge has not ruled out the possibility the claimant is permanently and totally disabled, he merely wants to make certain that all possible avenues of employment have been explored by claimant before coming to this ultimate conclusion. The medical testimony certainly suggests the judge’s holding.
Accordingly, the order of the Full Commission is quashed and the cause is remanded with directions to reinstate the compensation order of the industrial judge.
It is so ordered.
ERVIN, C. JT„ and CARLTON, ADKINS and BOYD, JJ., concur.