DEKLE, Justice
(dissenting) :
The record reveals an absence of the required good faith submission to rehabilitation services by the claimant. South Atlantic Shipbuilders v. Taylor, 234 So.2d 97 (Fla.1970); Larson’s Workmen’s Comp. Law, Vol. II, § 61.20 (p. 88.266).
The inherent cause of the disability here, according to the psychiatrists, is an inabil *502 ity to work because of a “neurosis where conflict is converted into physical symptoms which protect the individual from conflict.” Witnesses testified also that the only way claimant can 'recover is to receive a settlement which will give him financial security; with that his worries, they say, will be over. In these circumstances, it would seem imperative that a fair effort at rehabilitative services should be invoked. Claimant’s mere appearance at the vocational workshop with an immediate departure of his own volition, hardly constitutes a fair opportunity for ■rehabilitative appraisal.
This fair submission to “some type of rehabilitation” is all the Commission is saying, “so that the record will reflect whether there is a chance of rehabilitating the claimant” with any disability reevaluation which might thereby be indicated. A contrary view by the JIC on this point is not, as I view the record, supported by the required substantial competent evidence. The Commission is correct. Certiorari should be denied.
BOYD, J., agrees.